Whitaker, Judge,
delivered .the opinion of the court:
Plaintiff sues to recover the sum of $1,080.00, the difference between the pay received by him as a garageman-driver and the pay of a driver-mechanic, to .which he says he is entitled under the Reclassification Act of 1925, c. 368,. 43 Stat. 1060, 1061 (39 U. S. C., sec. 116). Plis petition alleges that he was appointed a substitute garageman-driver, but that while holding this appointment he was required to and did perform the duties of a driver-mechanic. Because he performed the duties of a driver-mechanic he alleges that he is entitled to the pay of that grade.
• The defendant demurs. It is plain that its demurrer must be sustained. Plaintiff is entitled to no more than the salary of the office to which he was appointed, whether or not he performed the duties of an office of a higher grade..
In United States v. McLean, 95 U. S. 750, a postmaster sued to recover the salary which he insisted should have been fixed for his office by the Postmaster General. This court allowed recovery, but the Supreme Court reversed because it held Congress had conferred on the Postmaster General the authority to fix the salary of the office, and not on this court, and, therefore, it was held claimant was entitled to 'recover no more than the salary fixed by the Postmaster General. In conclusion the court said:
£ ^ C+. P* o£ @ P CD >2 - 0 O ct-(P3 CD c5 ? d) Sr <-; i-P * r rQ .OJO p Í3 £ HQ J§ -P ^ P £ HiS > OT3 ° <§, a ® S M o3 p O eg.® ja p, S-vS'Ha & ■+J O1 ° 1 Tí ® © CD QjCQ 5 H 2 Í1 • cd 2 £ P S’ rt* o ^ 4 M a * CD P M P-i w* • O' * ^ _1 1-i S+ CD ► ~ P-t O CD H CO H— S-g.p s 03 0?' ■ ‘ po CD S ,_ Í01 CD 05^ O 0 o ^ Hjg 5§ ¡3 g.Q¡ © SO © gL Big ® p c _ !=sa ' co S3 2-S w-G g tkr>5 2 p (t> CQ P O -r-. ~ ^ o 1% 0^1 & <rt- <J P"* ij m ¿o g* CD £E. c+- ' “ se tb © ÍÍ § © Pj ' ® EPjÍÍ H® P->,c+ © £ E° “ ,_, ir*-S3 ^ H S g CT ° fH süoüSÍ-p ci o a) g=5 a si, h1 R. a-1 p h a go a '-,' & ¡2. p © ® -i tr Hs sTi > — J C-) . P L_i rr> > C* 0 poS ^ Ai CO a. s> 2 GK3 - P MCD C+- CD CO o ~ ^ CD H 58 S'&.§*<! N © 3 ® ^ H* r±HtO CD CO St O O ffl ^ CD Pi 2L Hi O g. g fj" P S » t7© g= © rt-ff- crh M • <J Hfj ft S.gs.fc! P ® gO ct- ^ c CD ÍH3 S S'® á!+H ¡2." ® S.3S g Í0 g» O ^ g S g ^ S- Hi ^ P H g.S S CD í — i O _ M CD CD Pj ^ ^ ,®. R M <! © © o
*43 The principle of this case has been applied many times, by this court. See Belcher v. United States, 34 C. Cls. 400, 421; Morey v. United States, 35 C. Cls. 603; Barrett v. United States, 37 C. Cls. 44, 48; Jackson v. United States, 42 C. Cls. 39.
There are innumerable instances in the Government service-where employees of a lower classification perform the duties, of a higher classification, but since the above decided cases we know of no instance where suit for the salary of a higher-classification has been brought.- The salaries fixed by Congress are the salaries payable to those who hold the office and not to those who perform the duties of the office. One-may hold the office only by appointment by his superior, and the law vests in the superior the discretion as to whether or not appointment to the office shall be made. Where the-plaintiff has received the salary of the office to which he is-appointed he has received all to which he is entitled under the law. The plaintiff in this case has received the salary of the office to which he was appointed, to wit, that of a garageman-driver.
Upon the authority of the above cited cases defendant’s-demurrer is sustained and plaintiff’s petition is dismissed. It is so ordered.
MaddeN, Judge; LittletoN, Judge-, and Whaley, Chief Justice, concur.
JoNes, Judge, took no part in the decision of this case.