Per Curiam:
Plaintiff sues to recover the pay of a driver-mechanic. He was paid the wages of a garageman-driver.
*297 We held in George L. Coleman v. United States, 100 C. Cls. 41, that an employee of the Government was entitled to receive only the salary of the position to which he had been appointed. Plaintiff’s petition does not allege he was appointed a driver-mechanic, but he says his bill of particulars does.
He does say therein “The claimant was duly appointed as a driver-mechanic,” but he explains this by alleging that upon “assignment to the Post Office Department for duty” he was required to take an examination as a driver-mechanic before being allowed to perform any work, and by inference he alleges he performed the duties of a driver-mechanic. From this he argues: “The act of requiring claimant to take a non-competitive examination as driver-mechanic before being allowed to work and his assignment to the duties of the classification for which he had successfully passed an examination constituted his appointment as driver-mechanic.”
This is contrary to our opinion in the Coleman case. There we held the determinative test of a person’s right to salary was not the duties performed, but the position or grade to which appointed. Plaintiff avoids alleging the character of his “assignment” to the Post Office Department. This is the determinative question.
The demurrer is sustained, and the petition is dismissed. It is so ordered.