## PRICE v. UNITED STATES.
### No. 48673.

United States Court of Claims.
Nov. 1, 1948.

Irving L. Evans, of New York City, (Knowlton Durham, of New York City, on the brief) for plaintiff.

S. R. Gamer, of Washington, D. C., and Newell A. Clapp, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

JONES, Chief Judge.

This is a suit for the difference in pay which plaintiff received between December 11, 1944, and July 31, 1947, as an employee of the United States Maritime Commission and the pay which he claims he should have received during such period.

Plaintiff alleges that on December 11, 1944, he was employed by the Commission as a cost analyst in grade CAF 7; that he was thereafter promoted to grade CAF 9 and later received within-grade promotions. Plaintiff asserts, however, that the work to which he was assigned and which he performed between the dates mentioned conformed in all respects to the work, duties, and responsibilities applicable to the position of financial analyst, grade CAF 13. Plaintiff sues for the difference between the pay which he received and the grade 13 pay which he asserts he was entitled to receive.

Plaintiff also claims that in addition to performing the regular duties of a financial analyst he was called upon to instruct other analysts and was required in many instances to review and revise the work of associate analysts of higher grade; that in view of these factors and considerations he was undergraded and that such undergrading placed him at a disadvantage in the matter of pay compared with other financial analysts performing comparable work, and that such undergrading on the part of the Division of the Price Adjustment Board of the Commission violated the provisions of the Classification Act of 1923, Public Law 516, 67th Congress, and amendments thereto, 5 U.S.C.A. §§ 661–674, in relation to the principles of equal pay for equal work and the allocation and classification of grade authorized by law; that he duly and repeatedly complained to his superiors of such erroneous grading and protested such inequality of treatment, but that no adjustment of his grade has ever been effected except in regard to the promotions mentioned.

Plaintiff states in his brief that on or about November 28, 1944, he applied to the War Shipping Administration for a position as financial analyst at a minimum sal-

ary of $3,800 per annum, which represented grade CAF 11; that he received a telegram advising that his application had been accepted; that when he reported for duty and was tendered a position with a rating of CAF 7 he declined to accept the appointment; that he was thereupon advised by the official in charge that if he would accept the appointment with a rating of CAF 7 and would report for duty and thereby be placed upon the pay roll, that the matter would be satisfactorily adjusted by his being rated at CAF 11 with corresponding compensation within a short time, and that acting upon such promise and assurance he executed the application presented to him and reported for duty and accepted the rating of CAF 7.

■ It is a well-settled principle of law that federal government employees are entitled only to the salaries of the position to which they are appointed regardless of the duties they actually perform. That rule of law was reaffirmed in the case of Coleman v. United States, 100 Ct.Cl. 41, and Dvorkin v. United States, 101 Ct.Cl. 296, certiorari denied 323 U.S. 730, 65 S.Ct. 66, 89 L.Ed. 586.

■ In the case of United States v. McLean, 95 U.S. 750, 753, 24 L.Ed. 579, the court used the following language: Now, if it be conceded that the quarterly returns made on the last day of each quarter, beginning with June 30, 1871, made it the duty of the Postmaster-General to make a readjustment immediately on the receipt of the returns, still his readjustment was an executive act, made necessary by the law, in order to perfect any liability of the government. If the executive officer failed to do his duty, he might have been constrained by a mandamus. But courts cannot perform executive duties, or treat them as performed when they have been neglected. They cannot enforce rights which are dependent for their existence upon a prior performance by an executive officer of certain duties he has failed to perform. The right asserted by the claimant rests upon a condition unfulfilled.

While this decision was rendered prior to the Classification Act of 1923, the same principles are involved. The Coleman and Dvorkin cases, supra, were decided after the Classification Act had become effective. In the Coleman case, 100 Ct.Cl. at page 43, the court said: There are innumerable instances in the Government service where employees of a lower classification perform the duties of a higher classification * * *. [But] The salaries fixed by Congress are the salaries payable to those who hold the office and not to those who perform the duties of the office. * * * Where the plaintiff has received the salary of the office to which he is appointed he has received all to which he is entitled under the law.

And in the Dvorkin case, involving the same issues, it was held that the determinative test of a person's right to salary is not the duties performed, but the position or grade to which he was appointed.

■ As a practical matter there are many instances in which employees of one classification temporarily do work that falls within the normal duties of another classification. If the major portion of the duties assigned over a continuing period fall within the higher classification, it may become the duty of the administrative officer to readjust the grade of the employee. If the administrative officer fails or neglects to perform any such duty, a remedy is provided. That remedy apparently has not been invoked.

The petition, even if amended to include the statements contained in the brief, would not show a cause of action; the demurrer is therefore sustained and the petition dismissed. It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.