Leonard J. **GANSE**

v.

The **UNITED STATES**.

No. 240–62.

United States Court of Claims.

May 12, 1967.

Paul M. Craig, Jr., Washington, D. C., attorney of record, for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Barefoot Sanders, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM:

This case was referred to Trial Commissioner William E. Day with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in a report and opinion filed on April 13, 1966. Exceptions to the commissioner's opinion, findings and recommendation for conclusion of law were filed by plaintiff and the case was submitted to the court on the briefs of the parties and oral argument of counsel. Since the court is in agreement with the opinion, findings and recommendation of the commissioner, with modifications, it hereby adopts the same, as modified, as the basis for its judgment in this case, as hereinafter set forth. Plaintiff is, therefore, not entitled to recover and the petition is dismissed.

Commissioner Day's opinion,* as modified by the court, is as follows:

In this case, there are two issues presented for consideration by the pleadings and the evidence submitted by the parties in support thereof:

Is a civilian employee of the Army entitled to pay at a rate higher than the rate of the position to which he was appointed?

May periods of membership in a reserve status (not on active duty) in the Army of the United States be credited in computing a retirement annuity under the Civil Service Retirement Act?

For reasons which will follow, both questions are answered in the negative.

The plaintiff, a lawyer, having held legal positions of a high order both in the military and in civilian capacities, on June 29, 1954, was appointed to a civilian position at grade 15 with the Army, as General Counsel at Headquarters, European Command, France. He had been interviewed by Army personnel in Washington, D. C. prior to such appointment and was appropriately given travel authority and transportation from the United States to his place of employment in Europe. The position to which the plaintiff was finally appointed had originally been placed in grade 16, one of the so-called "super grades." The recruiting process of the plaintiff, however, extended over quite a period of time and on June 14, 1954, prior to the time of the plaintiff's final interview, before the appointment, the allocation of grade 16 for the position of General Counsel, European Command, had been withdrawn by the office of the Secretary of the Army. It is undoubtedly true that during employment interviews the plaintiff had been told that the position of General Counsel was placed at the "super grade" level of 16. It is also quite clear that before he was appointed, he was told that it was not then possible to appoint him at that level, but that he

could be appointed (as he was appointed) at the grade 15 level. The appointment was made. The plaintiff departed the United States and reported for duty. He served at Headquarters, European Command, from early in July 1954, until May 24, 1960, when he was separated from this position by a reduction in force. During all of this time, plaintiff was employed at the grade 15 level, although he had received in-grade promotions to the top of that grade.

■■ Plaintiff claims he is entitled to pay at the rate of a grade 16 position during the entire period of his tenure in his position, because of the representations made to him by individuals in the Civilian Personnel Division of the Army, who had interviewed him prior to his appointment (to the effect that the position which he was about to accept and to which he was about to be appointed, would in time be elevated to grade 16). The nature of the representations, not being material to a determination of the legal issue here, will not be elaborated, except to say that they involved matters of a political nature. In support of his position on this issue, the plaintiff cites a number of contract cases, all of which are inapposite. It is a well-settled principle of law that Federal Government employees are entitled only to the salaries of positions to which they are appointed, regardless of the duties they actually perform. Price v. United States, 80 F. Supp. 542, 543, 112 Ct.Cl. 198, 200 (1948) and cases cited. The plaintiff was appointed to, served in and was paid for services of a position in grade 15. Where the plaintiff has received the salary of the office to which he was appointed, he has received all to which he is entitled under the law. *Price*, supra.

At the time the plaintiff was separated by the reduction in force on May 24, 1960, he would have been entitled to an immediate annuity, if he had had 20 years of creditable service under the civil service retirement laws. He was then

* The opinion, findings of fact and recommended conclusion of law are submitted under the order of reference and Rule 57(a).

over 50 years of age. See 5 U.S.C. § 2256 (d) which provides:

*   *   *   *   *   *

Any employee who completes twenty-five years of service or who attains the age of fifty years and completes twenty years of service shall upon involuntary separation from the service * * * be paid a reduced annuity computed as provided * *.[1]

At the time of his separation from the service, the plaintiff had 18 years, 8 months and 29 days of creditable service, including his active duty military service. From February 1, 1919 until June 23, 1923, the plaintiff was a member of the organized Reserve forces in the rank of second lieutenant. He performed *no active military service* during this time. If the plaintiff can show that this period of something over four years is creditable for the purpose of computing his entitlement to an immediate annuity under the civil service laws, it may readily be observed that his creditable service would exceed the required twenty years. He applied for an immediate annuity and this was denied by the Bureau of Retirement and Insurance of the Civil Service Commission, which held that only his active duty military service could be counted (along with his civilian service) as creditable service, and that the period during which he was a member of the organized Reserve forces could not be so counted, since it did not involve any active military service. The plaintiff was, however, advised that upon reaching age 62, he would be eligible to receive an annuity. He has, upon attaining that age, availed himself of that benefit.

The plaintiff appealed this denial to the Board of Appeals and Review, which affirmed the decision disallowing the plaintiff's application for immediate retirement.

The only issue before the court on this aspect of the plaintiff's case is, therefore, whether the period of membership of a person in the organized Reserve (a part of the Army of the United States) without active duty, is creditable toward civil service retirement.

The applicable statute is the Civil Service Retirement Act Amendments of 1956, P.L. 854, 70 Stat. 743, (5 U.S.C. § 2251).[2] Section 1(r) of that statute provides:

*   *   *   *   *   *

The term "military service" shall mean honorable *active* service in the Army * * *. [Italics supplied.]

*   *   *   *   *   *

Section 3(b) of the statute provides:

*   *   *   *   *   *

An employee * * * shall be allowed credit for periods of military service prior to the date of the separation upon which title to an annuity is based * * *.

*   *   *   *   *   *

The clear language of the statute, therefore, excludes as creditable the period of the plaintiff's membership in the organized Reserve corps, when no active military service was performed.

Although what has been said is dispositive of all issues in this case, a further reason exists which would be a bar to the claim, absent the 1956 amendments. Citing no case in support of his position, plaintiff stoutly maintains that he should prevail in his claim for immediate annuity since (as he says) from 1920 until the Act was amended in 1956, all honorable military service was properly creditable for civil service retirement purposes. The plaintiff's reference to the earlier statute is correct, but it does not help the plaintiff because (although he was a member of the Reserve forces) he did not serve with such forces and, therefore, even under the earlier en-

1. P.L. 854, July 31, 1956, 70 Stat. 750.

2. Although the plaintiff claims he had a vested right in retirement benefits before the enactment of the 1956 amendments, he had no such vested right until the event or events occurred upon which the annuity would be payable. Lawrenson v. United States, 153 F.Supp. 790, 139 Ct.Cl. 370, 372 (1957), and cases cited; Nordstrom v. United States, 342 F.2d 55, 60, 169 Ct.Cl. 632, 639 (1965).

actments, he did not have honorable military *service* during the period February 1, 1919, through June 23, 1923.

The defendant, likewise, can point to no decided case (and my research discloses none) where the precise point in issue has been adjudicated. The fact is, that from 1920 until the 1956 amendments to the statute, the civil service retirement laws have been interpreted administratively to include only *active* military service as honorable military service.

The administrative interpretation is reasonable because it has construed the word "service" to mean the performance of a duty. Webster's New International Dictionary defines "service" in the connotation used here, as follows:

\* \* \* \* \* \*

13.a. Military or naval duty; also, its performance, esp. in war; as *service* in the field; active *service*.

\* \* \* \* \* \*

■ It is a well-established rule of statutory construction that courts will pay great deference to an administrative construction contemporaneously adopted and consistently maintained by the agency charged with the administration of the statute. Udall v. Tallman, 380 U.S. 1, 4, 16–18, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965).

Since the Civil Service Commission has consistently read the Civil Service Retirement Act in the manner here contended for by the defendant, prior to 1956, and that construction is reasonable, it should be followed. Schellfeffer v. United States, 170 Ct.Cl. 178, 187, 343 F.2d 936, 942 (1965). As stated earlier in this opinion, it is the 1956 Act which applies here, however, and by its terms, the period during which the plaintiff was a member of the organized Reserve forces is clearly not creditable.

For all the above reasons, the plaintiff is not entitled to recover and his petition should be dismissed.