**Donald G. WHITE, Plaintiff-Appellant,**

**v.**

**UNITED STATES CIVIL SERVICE COMMISSION et al., Defendants-Appellees.**

**James C. RUMMEL, Plaintiff-Appellant,**

**v.**

**UNITED STATES CIVIL SERVICE COMMISSION et al., Defendants-Appellees.**

**Randall U. COX, Plaintiff-Appellant,**

**v.**

**UNITED STATES CIVIL SERVICE COMMISSION et al., Defendants-Appellees.**

**No. 71–2674.**

United States Court of Appeals,
Ninth Circuit.

Nov. 9, 1972.

**1358**

Joseph S. Hertogs, of Jackson & Hertogs, San Francisco, Cal., for plaintiffs-appellants.

James L. Browning, Jr., U. S. Atty., Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., for defendants-appellees.

Before MERRILL, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

The appellants in these consolidated appeals were investigators for the Immigration & Naturalization Service, assigned to the Chinese Fraud Unit at the San Francisco District Office. In their action in the district court they sought to reverse the determination by the Commission that their positions were properly classifiable as General Investigators, GS–11, and to recover lost wages because of the Commission's refusal to reclassify them as GS–12. The district court granted summary judgment for the defendants. We affirm.

After appellants sought reclassification to the GS–12 level, an audit was made by the Civil Service Commission. Some complainants were upgraded and the three appellants were not.

Congress has given the Commission a broad charter to lay down standards for classifying the various federal positions in the appropriate grade (5 U.S.C. § 5105), has directed the agencies to act in obedience to the rules that the Commission has promulgated (5 U.S.C. § 5107), and has empowered the Commission to investigate on its own motion to insure compliance by the agencies (5 U.S.C. §§ 5110–5113). Finally, Congress has vested the Commission with full power to hear employees' complaints of non-compliance with the Classification Act and the standards promulgated thereunder, to investigate such complaints and to make a binding adjudication thereon (5 U.S.C. § 5112(b)).

Consistent administrative interpretation of statutes, if reasonable and not contrary to the express intent of Congress, is entitled to conclusive weight in court. Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); Ganse v. United States, 376 F.2d 900, 180 Ct.Cl. 183 (1967). This is especially true where the agency possesses expertise in a specialized field such as position classification.

Appellants allege that the statute under which the Region must operate (5 U.S.C. § 5101(1)(A)) specifically provides that Civil Service employees must receive "equal pay for substantially equal work." They assert that the Region's decision flies in the face of this standard. We think it did not.

The Commission evaluated the appellants' duties and responsibilities by desk audit, by reference to the official position description and the Commission's determination that the appellants were not doing Grade 12 work. They were, therefore, not entitled to pay equal to that of Grade 12 investigators.

Appellants have failed to show that the actions of the Commission were arbitrary. The decision not to reclassify was based on substantial evidence.

We affirm the judgment of the district court.