Civilian pay; appointment and tenure; classification action. — On July 26,1974 the court issued the following order:
Before CoweN, Chief Judge, Nichols and Kashiava, Judges.
“This case comes before the court on defendant’s motion for summary judgment and plaintiff’s response thereto. Upon consideration thereof, the court concludes that plaintiff’s petition must be dismissed because it fails to state a claim upon which relief can be granted. Basically, plaintiff requests the court to award her additional compensation on the ground that she was denied advancement while performing higher grade level work. However, it is well established that the fact that she performed the duties of a higher grade without receiving a promotion or a higher salary is insufficient to warrant a judgment for additional compensation. Coleman v. United States, 100 Ct. Cl. 41 (1943). See also Ganse v. United States, 180 Ct. Cl. 183, 186, 376 F. 2d 900, 902 (1967); Price v. United States, 112 Ct. Cl. 198, 80 F. Supp. 542, 543 (1948). Cf. Dianish v. United States, 183 Ct. Cl. 702, 707 (1968).
“Plaintiff attempts to distinguish these cases by saying that she was ‘directed to create and standardize a completely new procedure and department program. . . .’ Even if plaintiff were correct in this assertion for the entire time in question, the distinction would not aid her case. There is no difference, in principle between plaintiff’s situation and the situation where a person performs the function of a job with a higher classification. In both instances, the claim for additional compensation is based oji the fact that the work actually performed entitles the claimant to higher pay than the *825 claimant was receiving at the appointed classification level.
“it is theeeuoee oedered that defendant’s motion for summary judgment is granted and plaintiff’s petition is dismissed.”