450 F.Supp. 154 (1978)
Leonard LEOPOLD et al., Plaintiffs,
v.
U. S. CIVIL SERVICE COMMISSION et al., Defendants.
No. 71 C 292.
United States District Court, E. D. New York.
April 26, 1978.
*155 Fried, Fragomen, Del Rey & O'Rourke, P. C., New York City (Martin L. Rothstein, New York City, of counsel), for plaintiffs.
David G. Trager, U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Rodger C. Field, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendants.

OPINION
NICKERSON, District Judge.
This is a class action brought in 1971 by certain attorneys employed by the Immigration & Naturalization Service ("I.N.S.") of the Department of Justice of the United States. The attorneys commenced administrative proceedings on September 26, 1967, more than ten years ago, to have their job grade reclassified from GS-12 to GS-14. The Department of Justice denied their application, and the decision was affirmed by the Chief of the Classification Appeals Office ("C.A.O.") of the Civil Service Commission by letter dated May 31, 1968.
On reconsideration the same Chief modified his earlier ruling and stated on April 3, 1969 that plaintiffs were properly classifiable at grade GS-13. A further request for reconsideration was denied on October 23, 1970, and in March 1971, plaintiffs commenced this action, asserting that the Commission's decisions were arbitrary and capricious in that they focused only on the type of cases handled by plaintiffs and not on their hearing officer functions and level of responsibility. Plaintiffs asked the court either to reclassify them retroactively at level GS-14 or to remand the case to the Commission, and to determine money damages.
By order of Judge Rosling dated July 23, 1972, the case was designated as a class action on behalf of all similar attorneys employed by I.N.S. in grade GS-13. On March 29, 1974, Judge Judd, who assumed responsibility for the case after the death of Judge Rosling, considered plaintiffs' motion for summary judgment and remanded the case to the Commission, finding that it had been "arbitrary in not considering all the statutory criteria." In brief, Judge Judd held that the Commission's failure to consider one of those criteria, namely, level of responsibility, was an abuse of discretion as that term is defined in the Administrative Procedure Act.
Judge Judd concluded that it would be inappropriate for the court to reclassify plaintiffs, not only because there were factual matters in dispute, but also because, "absent a showing that the Commission's administrative conduct is `beyond repair'" [cf. Office of Communication v. Federal Communications Commission, 138 U.S.App. D.C. 112, 119, 425 F.2d 543, 550 (1969)], such an order would be "beyond the scope of this court's authority." He ordered the matter remanded to the Commission for restudy in a manner that would eliminate its capricious and arbitrary action, and in particular for "a re-evaluation of plaintiffs' positions with specific reference to the level of responsibility factor."
Instead of restudying the facts in accordance with Judge Judd's order the Commission resurrected some old 1968 notes and reaffirmed the grade GS-13 classification. A letter to that effect was sent to plaintiffs by another Chief of the C.A.O. on September 25, 1974.
On plaintiffs' motion to hold the Commission in contempt, Judge Judd, "reluctant to impose fines on federal officials" concluded charitably that the Commission's action was based on a "misunderstanding" of the court's order. In a decision dated June 23, 1975 he again remanded the case to the Commission, finding that the agency action was not yet "beyond repair" so as to "justify this court making its own determination." He explicitly directed the Commission to re-evaluate the level at which plaintiffs performed in 1967 and "at the present time," based "on field studies and not on old material."
*156 Attorneys for plaintiffs and the Commission thereafter agreed that a study of plaintiffs' duties should be undertaken by an independent attorney, one Daniel Mathews. This report dated March 31, 1976 concluded that plaintiffs' jobs entailed responsibilities commensurate with a classification at grade GS-14, and that, insofar as it was possible to reconstruct matters as they existed in 1967, it appeared that plaintiffs were performing at level GS-14 at that time as well.
On the basis of this report, re-classification to grade GS-14 was finally ordered by the Commission on November 4, 1976. However, the order was made retroactive only to August 15, 1976.
Thus plaintiffs after nine years of litigation attained the classification to which they were entitled. They now move for summary judgment and seek differential backpay since 1967 (or one of a number of other "crucial dates"). In the alternative, they ask for an order directing the Commission to amend their employment records to reflect that plaintiffs were functioning at level GS-14 since 1967, which they term "prospective retroactivity", so that their pension benefits and annual step increases will be recomputed for the future and so that their eligibility for promotions may be based on the longer service in a particular grade.
Under the authority of the Supreme Court decision in United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), plaintiffs' motion for backpay is denied. Despite the statutory policy of equal pay for equal work embodied in 5 U.S.C. §§ 5101, 5301, that decision held in a case involving a claim almost identical to the present one, that the doctrine of sovereign immunity bars claims for backpay by claimants such as plaintiffs.
Plaintiffs attempt to distinguish the Testan case as involving only the jurisdiction of the Court of Claims. But the opinion explicitly reaffirmed the principle that "except as Congress has consented to a cause of action against the United States, `there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States'" (citations omitted). 424 U.S. at 399, 96 S.Ct. at 954. The Court held that neither the Classification Act, 5 U.S.C. §§ 5101, et seq., nor the Back Pay Act, 5 U.S.C. § 5596, waives sovereign immunity for claims for money damages by persons improperly classified.
Thus, even though plaintiffs suffered monetary losses which appear to have been due to unjustifiable agency procrastination, indecision and error, the Testan decision precludes the awarding of damages.
Plaintiffs contend that the court may compel payment of damages under 28 U.S.C. § 1361, which gives this court "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." But the mandamus statute does not waive sovereign immunity. To hold otherwise would abolish the doctrine of sovereign immunity in every action for damages. See: McNutt v. Hills, 426 F.Supp. 990, 1001 (D.D.C.1977); McQueary v. Laird, 449 F.2d 608 (10th Cir. 1971).
Plaintiffs also seek the amendment of employment records so as to entitle them to increased pensions and benefits or to immediate promotions regardless of existing vacancies. This relief, however, would involve retroactive classification and expenditure of public funds on that basis. See: Brown v. General Services Administration, 507 F.2d 1300, 1307 (2d Cir. 1974), aff'd 421 U.S. 987, 95 S.Ct. 1989, 44 L.Ed.2d 476 (1976); cf. McNutt, supra, at 1001. It is therefore foreclosed by the Testan case. 424 U.S. at 403-404, 96 S.Ct. 948. The Supreme Court's opinion recited the "established rule" as being "that one is not entitled to the benefit of a position until he has been duly appointed to it," and concluded that Congress had not intended by the Classification Act to alter that rule. 424 U.S. at 402, 96 S.Ct. at 955. To accord plaintiffs increased pensions and the like as if they had attained a higher classification in 1967 would be to give them the monetary "benefit" of such a classification before they had been appointed to it.
*157 However unjust it may appear plaintiffs have, under the Testan case, no remedy in the courts which would require the imposition on the United States of increased expenditures. Plaintiffs must look to Congress for redress.
However, plaintiffs further ask for relief which does not involve the expenditure of increased public funds, namely, amendment of the employment records so that they will be considered for promotion to future job vacancies as if they had been properly classified at GS-14 since September 26, 1967. In effect what plaintiffs urge is that when employees are hereafter being considered for promotion plaintiffs should not be prejudiced by the fact that they were wrongfully classified from September 26, 1967 to August 15, 1976. This would by no means assure plaintiffs of promotion in the future. It would merely remove as one factor in the consideration of their promotions the wrongful classification for nine years. Such relief would not require additional monetary outlay by the agency or frustrate agency policy. Nor would it give plaintiffs the "benefit" of a position before appointment to it, at least as the word "benefit" was used by the Supreme Court in the Testan case. From the context and from the cases cited to support the rule, United States v. McLean, 95 U.S. 750, 24 L.Ed. 579 (1877) and Ganse v. United States, 376 F.2d 900, 902, 180 Ct.Cl. 183 (1967), it appears that the Supreme Court was referring to a "monetary" benefit.
However, this court cannot provide to plaintiffs even the modest relief of being eligible for promotions unprejudiced by their previous wrongful classification if sovereign immunity is a bar. While the precise issue seems not to have been decided by the courts, the court holds that the defendants are not immune from such relief and that it may be granted under 28 U.S.C. § 1361, the mandamus statute.
As noted above that statute gives the court jurisdiction to compel government employees "to perform a duty" to plaintiffs. Defendants' duty depends on whether Congress intended that persons such as plaintiffs should be considered for promotion unprejudiced by a previous improper classification. The Testan case holds that Congress intended to prohibit the courts from rendering decrees requiring increased monetary outlays by the United States for past wrongful classifications by government officials. But nothing in the Classification Act or indeed in any Congressional enactment regarding government employees suggests that Congress intended to leave uncorrected by the judiciary the effects of such past wrongful conduct where the correction requires no additional monetary outlays.
A court should not lightly infer that Congress intended any such unjust result, and it is difficult to think of any reasons why Congress would wish to visit any further penalty on plaintiffs for the wrongs of their superiors. While a requirement that plaintiffs be considered for future promotions unprejudiced by the wrongful classification may perhaps introduce some minor element of complexity into the government's record keeping, Congress can hardly be assumed to have regarded that as a sufficient ground to prevent plaintiffs from attaining promotion to which they would have been entitled absent the governmental wrong.
The expressed purpose of the Classification Act of "equal pay for substantially equal work", 5 U.S.C. § 5101, and the apparent purpose of Congress to require promotions to be made on merit, 5 U.S.C. §§ 3361-3363, are sufficient to establish that the government has a duty in making promotions to future vacancies to regard plaintiffs as if they had been properly classified in 1967.
In determining whether this court may enforce that duty it would serve no useful purpose to venture out on the quagmire of Supreme Court decisions as to sovereign immunity. Cf. Knight v. State of New York, 443 F.2d 415, 419-422 (2d Cir. 1871). It is enough that the Testan case did not foreclose, but rather noted the possibility of, prospective relief by way of mandamus for improper classifications. 424 U.S. at 403, 96 S.Ct. at 956. Moreover the Court of *158 Appeals for the District of Columbia has expressly held that mandamus will lie to require reclassification prospectively. Haneke v. Secretary of Health, Education & Welfare, 175 U.S.App.D.C. 329, 333-4, 535 F.2d 1291, 1295-6 (1976). In that case the Civil Service Commission in determining plaintiff's classification refused to compare plaintiff's duties to those performed by other employees classified differently. The court held that the Commission could not arbitrarily classify identical work differently and was required to make a position-to-position comparison once a complaining employee identifies the employees allegedly receiving greater pay for substantially similar duties.
Prospective relief with respect to the appropriate consideration of plaintiffs for promotion to future vacancies is no more intrusive on or burdensome to governmental operations than the action required in the Haneke case or than the relief provided in the mandamus decree approved by the Court of Appeals for the Second Circuit in Harlem Valley Transportation Ass'n v. Stafford, 500 F.2d 328, 334 (1974), requiring the Interstate Commerce Commission to prepare an environmental impact statement.
The question remains whether this court should exercise its mandamus power where the record does not show the extent, if any, of vacancies to which plaintiffs might aspire. Because of the recalcitrance displayed by the defendant government officials since 1967 and because of their adamant position in this court that plaintiffs should receive no relief of any kind, it is fair to conclude that when vacancies arise defendants in making promotions will treat plaintiffs as if they had never been wrongfully classified prior to August 15, 1976. Under the circumstances a decree is appropriate in accordance with this opinion.[*] Settle order.
NOTES
[*] The court expresses no view as to whether the same relief would be available under the Administrative Procedure Act, 5 U.S.C. §§ 701-706. See Haneke v. Secretary of Health, Education & Welfare, supra, 535 F.2d at 1296-1297, n. 16.