**Richard L. SELTZER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 87–3257.**

United States Court of Appeals, Federal Circuit.

Nov. 16, 1987.

Michael A. Nardolilli, Spriggs, Bode & Hollingsworth, Washington, D.C., argued for petitioner.

Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent; With him on brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on brief were Hugh Hewitt, Gen. Counsel, Thomas F. Moyer, Asst. Gen. Counsel and Murray M. Meeker, Office of Personnel Management, of counsel.

Before FREIDMAN, Circuit Judge, MILLER, Senior Circuit Judge, and NIES, Circuit Judge.

JACK R. MILLER, Senior Circuit Judge.

This appeal is from a decision of the Merit Systems Protection Board (Board), 32 M.S.P.R. 306, Docket No. CH08318610427, affirming the Office of Personnel Management's (OPM's) denial of civil service annuity credit for time spent on active duty as a reserve officer in the U.S. Army while concurrently earning credit as a federal civilian employee. We affirm.

## BACKGROUND

Petitioner earned civil service annuity credit for time spent as a federal civilian employee from January 30, 1964, until his retirement on August 30, 1974. During this time, while on leave which was credited toward his civil service retirement, he spent several active duty training periods as a reserve officer in the U.S. Army for which he seeks an additional 71 days of civil service annuity credit. OPM denied his request, citing the Federal Personnel

Manual (FPM) Supplement 831–1, Subchapter S3–5(d):

> *Double credit not permitted.* Under no circumstances is credit allowed under the law for both civilian and military service covering the same period of time. The period of creditable service cannot exceed the actual calendar time.

The board affirmed OPM's decision and, after full consideration, denied a petition for review. Appeal followed.

## OPINION

Petitioner argues that the prohibition against double credit contained in the FPM is invalid because it conflicts with section 8332(c)(1)(A) of the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8332(c)(1)(A)(1982), which provides that civil service retirement credit "shall include credit for each period of military service performed before the date of the separation on which the entitlement to an annuity ... is based." According to petitioner, section 8332 mandates not only that credit be given for military service performed while civilian credit was not being earned, but also that double credit be awarded for concurrent periods of military and civilian service. It is reasoned that because petitioner's situation is not within the exceptions enumerated in section 8332, *see* 5 U.S.C. §§ 8332(c), (d), and (j), Congress intended that double credit be awarded. *See Espenschied v. Merit Systems Protection Board,* 804 F.2d 1233, 1237 (Fed.Cir.1986), *cert. denied* —— U.S. ——, 107 S.Ct. 1896, 95 L.Ed.2d 503 (1987) (where exceptions are specifically enumerated in a statute, rules of statutory construction suggest that situations not excepted are covered by the statute's general provisions).

Contrary to petitioner's urgings, we conclude that OPM's interpretation (as embodied in FPM Supplement 831–1, Subchapter S3–5(d)) does not conflict with the language, purpose, or history of the CSRA. Section 8332(a) of the statute defines creditable service in terms of calendar years and months of service, and section 8332(c)(1)(A) mandates that certain periods of military service be recognized or "included" in civil service retirement computations. One purpose of this provision was to provide adequate recognition of years spent in federal service by persons who might not otherwise receive full annuity credit. *See Bailey v. United States,* 206 Ct.Cl. 169, 511 F.2d 540 (1975) (interpreting an earlier version of the act); *Prentiss v. United States,* 123 Ct.Cl. 225, 105 F.Supp. 989 (1952). As we read the statute, the mandate of section 8332(c)(1)(A) is satisfied when the relevant calendar periods of qualified military service are recognized, i.e., when they are "included" in an annuitant's civil service annuity computations. We note that OPM has credited petitioner with calendar periods of active duty service performed while he was not receiving credit as a civilian employee.

We also note that petitioner received civil service credit for the disputed 71 calendar days during which he served on active duty. Petitioner's argument, that these 71 days of service should have been "included" twice, conflicts with a Congressional objective to avoid double credits while providing what was deemed to be adequate credit for services rendered. *See* 5 U.S.C. § 8332(b)(9) (service as a substitute teacher for the government of the District of Columbia is creditable unless such service is credited for benefits under other retirement systems); 5 U.S.C. § 8332(d)(2) (members of Congress may not receive credit for military service for which credit is allowed for purpose of retired pay under other statutes); 5 U.S.C. § 8332(j) (military service is excluded when eligible for social security benefits under 42 U.S.C. § 402). Rules of statutory construction suggest that interpretations at odds with a legislative scheme are not favored. *United States v. Clark,* 454 U.S. 555, 561, 102 S.Ct. 805, 809, 70 L.Ed.2d 768 (1982).

Petitioner acknowledges that the statute generally forbids double credits, noting that section 8332(c)(2) precludes recipients of military retired pay from receiving civil service credit for periods already credited toward their military retirement. However, petitioner points to the two exceptions listed in section 8332(c)(2). The first exception applies to persons receiving mili-

tary retired pay on account of service-connected disabilities, and the second applies to persons retired under chapter 67 of title 10 (10 U.S.C. § 1331 et seq.) Petitioner argues that because he was retired under chapter 67 of title 10, he is entitled to double credit. What petitioner fails to recognize is that this exception would, at most, entitle him to 71 days' credit toward his military retirement as well as 71 days' credit toward his civil service retirement. This is the type of double credit to which section 8332(c)(2) speaks—not the 142 days of civil service credit for 71 calendar days of service that petitioner seeks. *See Merrill v. United States*, 168 Ct.Cl. 1, 338 F.2d 372 (1964). It should be emphasized that petitioner *has* received credit toward his military retirement and credit toward his civil service retirement for the calendar periods involved.

Nothing in the statute, apart from one provision that permits unused sick leave to be credited toward retirement (5 U.S.C. § 8339(m)), suggests that one could earn more than a day's civil service credit for a day's work. Indeed, the existence of an explicit provision, providing additional civil service credit for unused sick leave that accrued concurrently with calendar year credit, suggests that if Congress had intended to permit double credit in petitioner's situation, it would have done so explicitly with a similar provision. *See* 2A Singer, *Sutherland Statutory Construction*, § 47.23 (4th ed. 1984).

Moreover, the prohibition against double credit and the provisions of the statute relied upon by petitioner have co-existed (in various forms) for decades. *See* 5 U.S.C. § 2253 (Supp. IV 1957); 5 U.S.C. § 8332 (1970); 5 U.S.C. § 8332 (1982); *Federal Personnel Manual*, Chapter R5 (August 14, 1945 ed.); *Federal Personnel Manual*, Chapter R–5–20 (Feb. 15, 1962 ed.); *Federal Personnel Manual*, Supp. 831–1, Subchapter S3–5(d) (Sept. 21, 1981 ed.). If, as petitioner urges, this prohibition is without statutory foundation and is contrary to what Congress intended, then Congress has done nothing to "correct" an erroneous interpretation for more than thirty years. Congressional inaction in this context lends

support to the Government's position that Congress is satisfied with the interpretation given the statute by the agency charged with its administration. *United States v. Clark*, 454 U.S. at 566–67, 102 S.Ct. at 812; *United States v. Federal Insurance Co.*, 805 F.2d 1012, 1017 (Fed. Cir.1986) ("Congressional failure to revise or repeal the agency's interpretation is persuasive evidence that the interpretation is the one intended by Congress."); *Beneficial Corp. v. United States*, 814 F.2d 1570, 1574 (Fed.Cir.1987) (construction given to a statute by the administrative agency charged with carrying it out is entitled to great weight); *Ganse v. United States*, 180 Ct.Cl. 183, 189, 376 F.2d 900, 904 (1967) (courts will pay great deference to an administrative construction of a statute contemporaneously adopted and consistently maintained by the agency charged with its administration).

In view of all the foregoing, we hold that the Board did not err when it affirmed OPM's denial of double credit and refused further review of petitioner's claim. The decision of the board is affirmed.

AFFIRMED.