956 F.2d 1173
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
Peggy L. CARMACK, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3309.
 United States Court of Appeals, Federal Circuit.
 Feb. 18, 1992.
 
 Before RICH, PAULINE NEWMAN and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The final decision of the Merit Systems Protection Board, 47 M.S.P.R. 397 (1991), ordering the Office of Personnel Management to recalculate Peggy L. Carmack's civil service retirement overpayment assessment is affirmed-in-part and vacated-in-part. The case is remanded with instructions to the board to order OPM to recalculate Carmack's overpayment assessment and redetermine the amount of her post-1986 civil service retirement benefits in a manner consistent with this opinion.
 
 
 2
 For the period from January 1, 1980, to November 30, 1986, Carmack was entitled, or entitled upon application, to receive both a social security benefit, see 42 U.S.C. § 402(e) (1988), and a civil service retirement benefit, see 5 U.S.C. § 8341(b) (1988). Because entitlement to both benefits is based in part on her husband's military service after 1956, the amount of Carmack's civil service retirement benefit must be reduced to prevent the government from paying "double" compensation. Id. § 8332(j); see also Seltzer v. Office of Personnel Management, 833 F.2d 975, 976 (Fed.Cir.1987). Accordingly, when OPM became aware of Carmack's eligibility for a social security benefit, OPM calculated a reduced civil service retirement benefit and informed her that she had been overpaid $10,900.
 
 
 3
 The government has abandoned its claim for recovery of the alleged overpayment from January 1, 1980, to December 31, 1981 and does not contest the board's exclusion of recovery for overpayments from January 1, 1984, to November 30, 1984. Therefore the only remaining overpayment period on appeal is from December 1, 1984, to November 30, 1986.
 
 
 4
 Carmack contends that the board committed two errors in sustaining OPM's determination of the amount of overpayment during this period. First, she alleges that her "determination month," see Omnibus Budget Reconciliation Act of 1982 § 307, Pub.L. No. 97-253, 96 Stat. 763, 797 (codified at 5 U.S.C. § 8332, note (1988)), is December 1984, the month in which she actually began receiving social security payments based in part on her husband's military service. However, section 307(d) mandates a different result:
 
 
 5
 For purposes of this section, the term 'determination month' means--
 
 
 6
 (1) the first month the individual ... is entitled to old-age or survivors' insurance benefits under section 202 of the Social Security Act [42 U.S.C. 402] (or would be entitled to such benefits upon filing application therefor); or
 
 
 7
 (2) October 1982, in the case of any individual so entitled to such benefits for such month. (Emphasis added.)
 
 
 8
 Carmack first became eligible for social security survivors' benefits when she attained the age of 60 on December 31, 1979. See 42 U.S.C. § 402(e) (1988). The mere fact that she failed to apply for or receive these benefits does not affect the date on which she was entitled to benefits for purposes of section 307(d)(2). Therefore, in accordance with the statutory definition, the board correctly held that Carmack's "determination month" is October 1982.
 
 
 9
 Carmack further challenges OPM's use of the Social Security Administration's certification of the portion of her monthly social security benefit attributable to her husband's post-1956 military service. Specifically, she alleges that the certified amount, $161, is too large because the monthly social security benefit she actual received in December 1984 was only $126. However, the relevant date in calculating this amount is the "determination month," October 1982. Omnibus Act § 307(b), Pub.L. No. 97-253, 96 Stat. 763, 797. Carmack has not established that the board's affirmance of OPM's calculation was legally erroneous or not based on substantial evidence. Therefore, we will not disturb it.
 
 
 10
 Accordingly, the portion of the board's decision sustaining OPM's determination of the amount of overpayment from December 1, 1984, to November 30, 1986, is affirmed. The remainder of the decision sustaining an overpayment assessment from January 1, 1980, to December 31, 1981, is vacated. We remand with instructions that the board order OPM to recalculate Carmack's overpayment assessment in a manner consistent with this opinion, such recalculation to include Carmack's benefits since 1986 as well.