980 F.2d 744
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard L. SELTZER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3450.
 United States Court of Appeals, Federal Circuit.
 Oct. 19, 1992.
Rehearing Denied Nov. 18, 1992.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Richard L. Seltzer appeals a final decision of the Merit Systems Protection Board (MSPB or Board), Docket No. CHO831910663I1. The Board affirmed in part and reversed in part a decision of the Office of Personnel Management (OPM) finding an overpayment of Mr. Seltzer's retirement benefits under the Civil Service Retirement System (CSRS). Because substantial evidence supports the Board's decision, this court affirms.
 
 OPINION
 
 2
 This court sustains a Board decision unless: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Phillips v. United States Postal Serv., 695 F.2d 1389, 1390 (Fed.Cir.1982).
 
 
 3
 Mr. Seltzer has been receiving a CSRS annuity based on military and civilian service since his retirement in 1974. In 1986, OPM determined that Mr. Seltzer received two overpayments due to OPM error. Mr. Seltzer litigated these overpayments over several years, resulting in a decision by this court on one issue, Seltzer v. Office of Personnel Management, 833 F.2d 975 (Fed.Cir.1987). That issue is not involved in this appeal. Here, the Board below found that: (1) OPM did not show that Mr. Seltzer received an overpayment resulting from a Social Security Administrative (SSA) offset for post-1956 military service; (2) OPM showed an overpayment resulting from an incorrect data entry for the period May 1985 to May 1986; and (3) Mr. Seltzer did not show entitlement to CSRS credit for his additional reserve service.
 
 
 4
 OPM must establish by a preponderance of the evidence that an overpayment occurred. 5 C.F.R. § 831.1407(a) (1992). The Board found that OPM failed to do so regarding the SSA offset, ordering OPM to contact the SSA to obtain the correct information. Mr. Seltzer asserts on appeal that OPM has not complied with the Board's orders. Without a Board review of these assertions, however, this court cannot address the issue. Lizut v. Department of Army, 717 F.2d 1391, 1396 (Fed.Cir.1983). Mr. Seltzer must first bring challenges to any objectionable OPM recalculations to the MSPB.
 
 
 5
 The Board determined that, due to a lack of consistency in OPM reported data, OPM did not show an incorrect data entry resulting in an overpayment from December 1984 through April 1985. The Board did find, however, that OPM proved such an overpayment from May 1985 through May 1986. Mr. Seltzer argues that a June 1985 Notice of Adjustment Annuity he received shows the overpayment period beginning in June, not May 1985.
 
 
 6
 While the June 1985 Notice supports Mr. Seltzer's contention, it remains only circumstantial proof of the actual amount he received in May 1985. The Board had this and other evidence before it, including the Employee Annuitant Master Record Printout dated May 8, 1985. From the record presented, this court finds no reversible error in the Board's conclusion.
 
 
 7
 Finally, Mr. Seltzer has the burden of proving by a preponderance of the evidence that he is entitled to retirement credit. Bain v. Office of Personnel Management, 49 M.S.P.R. 307, 309 (1991). Mr. Seltzer claims entitlement to credit for military service listed in his chronological service record as inactive duty points and extension course points.
 
 
 8
 Mr. Seltzer contends that these periods of military service should be treated as active duty, qualifying them for retirement credit. See 5 U.S.C. §§ 8331(13), 8332(c)(1)(A) (1988). The Board found that these periods failed to qualify as such. Mr. Seltzer has admitted he did not receive military pay throughout these periods. The Board looked beyond the service record to the substance of Mr. Seltzer's contention. This court finds no reversible error in the Board's decision.
 
 
 9
 Mr. Seltzer makes several other assertions of error that the Board adequately addressed below. Therefore, based on this record, substantial evidence supports the Board's findings. Mr. Seltzer has not shown them to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.