40 F.3d 1250
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard L. SELTZER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3389.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1994.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 Richard L. Seltzer petitions for review of the opinion and order of the Merit Systems Protection Board (Board) Docket No. CH-0831-91-0663-X-1 (May 20, 1994). The Board dismissed Mr. Seltzer's petition for enforcement as moot, and his other claims as barred by the doctrines of res judicata, collateral estoppel, and law of the case. Because substantial evidence supports the Board's decision, this court affirms.
 
 DISCUSSION
 
 2
 This court affirms decisions of the Board unless they are: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by rule, law, or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 Mr. Seltzer retired from the civil service in 1974. Upon retirement, he began receiving a Civil Service Retirement System (CSRS) annuity. In 1986, the Office of Personnel Management (OPM) determined that Mr. Seltzer received overpayments of his annuity due to OPM's error. Mr. Seltzer has been litigating these overpayments for several years, resulting in two decisions by this court. See Seltzer v. Office of Personnel Management, 833 F.2d 975 (Fed.Cir.1987), cert. denied, 486 U.S. 1024 (1988); Seltzer v. Office of Personnel Management, 980 F.2d 744 (Fed.Cir.1992) (Table), cert. denied, 113 S.Ct. 2345 (1993).
 
 
 4
 When OPM determined that it overpaid Mr. Seltzer, it began recouping this overpayment by reducing his annuity payments. Upon reviewing these reductions, the administrative judge found that OPM failed to prove by preponderant evidence a portion of the overpayment. Initial Decision, Docket No. CH-0831-91-0663-I-1 (Dec. 31, 1991). The administrative judge ordered OPM to refund $27.00 per month for the period February 23, 1983 to May 1, 1986. In 1992, this court affirmed the administrative judge's findings and order. Seltzer, 980 F.2d at 744.
 
 
 5
 On March 25, 1994, Mr. Seltzer filed a petition for enforcement claiming that OPM failed to comply with the order. In response to Mr. Seltzer's petition, OPM produced evidence that it had made a refund to Mr. Seltzer in the amount of $1,033.19. The Board found this refund satisfied the administrative judge's order and dismissed the petition as moot. Mr. Seltzer has demonstrated no error in the Board's determination. Accordingly, this court affirms the dismissal of the petition for enforcement.
 
 
 6
 Mr. Seltzer also raises questions concerning the computation of his annuity. He challenges OPM's treatment of certain periods of military service, unused sick leave, and the calculation of his service computation date. This court detects no error in the Board's determination that these issues have been fully adjudicated in previous proceedings. See Seltzer, 833 F.2d at 975; Seltzer, 980 F.2d at 744. Mr. Seltzer is not entitled to relitigate these issues.
 
 
 7
 Finally, Mr. Seltzer raises the claim that OPM has continued to withhold a portion of his annuity payments. The Board found that Mr. Seltzer has never contested the mathematical correctness of the 1986 recalculation. The record shows that Mr. Seltzer has challenged the length of the service period used to calculate his annuity. However, the record does not show that Mr. Seltzer has challenged the amount of his annuity payments apart from the service period calculations. Therefore, this court affirms the Board's determination that this issue was not properly before it absent an initial decision from OPM.
 
 
 8
 Although Mr. Seltzer raises several other issues in his Informal Brief, these issues have been adequately addressed by previous decisions of the Board and of this court. Therefore, based on this record, substantial evidence supports the Board's actions. Mr. Seltzer has not shown them to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.