124 F.3d 205
 80 A.F.T.R.2d 97-6125, 97-2 USTC P 50,649
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard L. SELTZER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-3943.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 7, 1997.*
Decided August 27,1997.
Rehearing En Banc Denied Oct. 3, 1997.
 
 Appeal from the United States Tax Court, No. 25353-93; Lewis R. Carluzzo, Special Trial Judge.
 Before POSNER, EASTERBROOK, MANION, Circuit Judges.
 
 ORDER
 
 1
 Richard Seltzer appeals the Tax Court's decision sustaining the Commissioner of Internal Revenue's determination increasing his taxable annuity income and consequent tax liability.[1] We affirm.
 
 
 2
 Seltzer was a civilian employee of the Department of Defense from 1964 until his retirement in 1974. During this time, he participated in the Civil Service Retirement System. Seltzer also retired from the United States Army Reserves in 1981 and from the Ohio Public Utility Commission in 1983. During the three years at issue, 1989 through 1991, he received civil service retirement benefits as well as retirement benefits from the Army, the Public Employees Retirement System of Ohio, and from Social Security. Since the mid-1980s, Seltzer has been involved in ongoing disputes with the Office of Personnel Management, which administers the Civil Service Retirement System, concerning annuity distribution overpayments and annuity credit for military service.[2]
 
 
 3
 This case involves only annuity distributions for 1989, 1990 and 1991. In 1986, the OPM determined that Seltzer had been mistakenly overpaid $7,291 in annuity benefits during previous years. The OPM began to recoup this overpayment by withholding $202.52 from Seltzer's monthly distributions. The entire amount was recovered as of August 31, 1989, including a withholding of $1,620.16 during that year. The distribution shown on the Form W-2P(A) (Statement for Recipients of Periodic Annuities, Pensions, Retired Pay, or IRA Payments) issued by the OPM to Seltzer for 1989 was net of the $1,620.16 withholding. No amounts were withheld thereafter.
 
 
 4
 Seltzer reported pension and annuity distributions of $29,037, $32,165, and $33,840 on line 17a of his tax returns for 1989 through 1991, respectively. These totals were derived from the following sources:
 
 
 5
 Payor 1989 1990 1991
 CSRS $11,447.84 $13,680.00 $14,412.00
 PERS $3,649.32 $ 3,748.32 $ 3,847.32
 Army $13,939,68 $14,736.99 $15,581.40
 ---------- ---------- ----------
 Total $29,036.84 $32,165.31 $33,840.72
 
 
 6
 On line 17b of his returns from 1989 through 1991, Seltzer reported what he considered to be the taxable portion of the foregoing pension and annuity totals, i.e., $18,039, $21,923, and $23,169, respectively. These totals reflected annual exclusions Seltzer made from the annuity distributions. As a result of these set-offs, the Commissioner calculated deficiencies in Seltzer's income tax liability from 1989 through 1991 in the amounts of $1,980, $2,032, and $2,092, respectively. Seltzer petitioned the Tax Court, disputing these deficiencies. The case went to trial and the Tax Court upheld the Commissioner's determinations with the exception of an error concerning the 1991 tax year, which was corrected by stipulation of the parties.[3] Seltzer appeals.
 
 
 7
 Seltzer's brief is so poorly written that we, like the Tax Court, are "unable completely to follow [Seltzer's] arguments." (Mem. Op. at 5.) Nonetheless, it appears that Seltzer's set-offs reflect: the amounts withheld by the OPM to recoup its overpayment, as well as what.he ambiguously describes as a "Social Security Administration offset" and "military service credits." The Tax Court summed up Seltzer's rationale for his exclusions as "amounts that [he] repaid to OPM during the relevant year," which he alleges had already been taxed, and the "amount[s] that [he alleges he] should have received for such year if OPM would have properly computed his CSRS retirement benefits." (Id. at 4, 5.)
 
 
 8
 Our review begins by determining taxable income. Taxable income is derived from gross income, which includes annuities. 26 U.S.C. § § 61(a)(9), 72(a). A taxpayer may exclude from the taxable amount of annuity distributions received any contributions or investments made to an annuity. 26 U.S.C. § 72(b).[4] Deficiencies determined by the Commissioner are presumed to be correct and the taxpayer bears the burden of proving otherwise. Pittman, 100 F.3d at 1313. We review questions of law decided by the Tax Court de novo. Pittman v. C.I.R., 100 F.3d 1308, 1312 (7th Cir.1996).
 
 
 9
 Seltzer has failed to direct us to any authorities, and we are aware of none, that would permit him to set off amounts the OPM recouped from him because of an overpayment. In any event, 1989 was the only relevant year in which the OPM recouped overpayments. The recoupment made that year by the OPM was net of the gross amount reported on the Form W-2P(A), and which Seltzer reported on line 17a of his return. Therefore, any argument that he was trying to avoid double taxation is without merit.
 
 
 10
 Seltzer's other set-offs have no statutory basis. They arise out of disputes with the OPM and are, therefore, beyond the jurisdiction of the Tax Court. His strategy appeared to the Tax Court, and appears to us, to be an attempt to recoup, through reduced federal income taxes, what he claims he should have received. in government benefits. A taxpayer is not permitted to undertake self-help measures through his tax returns to gain redress from other government agencies. The United States government is not a unitary creditor in which debits and credits can be balanced between the IRS and other agencies in the taxpayer's discretion.
 
 
 11
 Seltzer also raises several frivolous procedural issues, only one of which warrants discussion.[5] Seltzer argues that under the Taxpayer Bill of Rights 2, 26 U.S.C. § 6201(d), the Commissioner bears the burden of proving the correctness of his returns. This provision provides as follows:
 
 
 12
 In any court proceeding, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary ... and the taxpayer has fully cooperated with the Secretary ..., the Secretary shall have the burden of producing reasonable and probative information concerning such deficiency in addition to such information return.
 
 
 13
 While this statute is likely inapplicable to this case because it went into effect on July 30, 1996, after the trial,[6] any retroactive effect would make no difference here. Seltzer does not dispute any item of income reported. There is no controversy as to the amounts that he received in annuity payments or the amounts of non-taxable exclusions. The only contention is whether his exclusions are justified, and they clearly are not. Moreover, the Commissioner has produced sufficiently probative information to substantiate its determination of Seltzer's deficiencies in a relatively simple case unduly complicated because of Seltzer's incomprehensible brief.
 
 
 14
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Betty L. Seltzer, Richard Seltzer's wife, was a party in this case before the Tax Court, but died before the notice of appeal was filed
 
 
 [2]
 See, e.g., Seltzer v. OPM, No. 96-3063, 1996 WL 250320 (Fed. Cir. June 12, 1996); Seltzer v. OPM, No. 94-3389, 1994 WL 652196 (Fed.Cir. Nov. 18, 1994); Seltzer v. OPM, No. 92-3450, 1992 WL 295175 (Fed.Cir. Oct. 19, 1992); Seltzer v. OPM, 833 F.2d 975 (Fed.Cir.1987)
 
 
 [3]
 The IRS initially overstated the 1991 deficiency as $2,332
 
 
 [4]
 In this case, Seltzer contributed $6,350 towards his retirement annuity, which the OPM recouped by the end of 1975. This contribution is not the basis of the exclusions he took in 1989 through 1991
 
 
 [5]
 Although difficult to follow, Seltzer's brief also appears to contend that (1) the administrative hearing he was afforded should not have "lump[ed]" the tax years 1990 and 1991 together with 1989; (2) the Tax Court prevented a witness from answering a math computation question (though Seltzer told the Tax Court judge, "[i]t's not necessary"); (3) he was not served with the Commissioner's Tax Court Rule 155 computations (though he was served by the Tax Court with the Commissioner's Rule 155 computations and sent them back to the court because of what he described as "manifest errors"); and (4) he is dissatisfied in some inconsequential manner with the certified record as transmitted to this court from the Tax Court. None of these contentions bear upon the merits of Seltzer's deficiencies in his reported taxable income
 
 
 [6]
 This case went to trial on February 16, 1995 and the Tax Court issued its opinion on May 23, 1996. On June 12, 1996, the Tax Court denied Seltzer's motion for reconsideration and, on August 30, 1996, it entered its decision sustaining the deficiencies determined by the Commissioner