## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD L. MILLER,
        Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
        Agency.

DOCKET NUMBER
DE-0831-14-0340-M-1

DATE: August 15, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Richard L. Miller, Colorado Springs, Colorado, pro se.

Jane Bancroft, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which remanded his retirement appeal to the Office of Personnel Management (OPM) for recalculation of his Civil Service Retirement System (CSRS) annuity, consistent with the order issued by the U.S. Court of Appeals for the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Federal Circuit (Federal Circuit). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the appellant's petition for review and REMAND the case to OPM for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 As the Board noted previously, the appellant has a complicated history of civilian and military service that began in 1970 and concluded in 2012. *Miller v. Office of Personnel Management*, 124 M.S.P.R. 62, ¶ 2 (2016), *aff'd in part, rev'd in part, and remanded*, 903 F.3d 1274 (Fed. Cir. 2018). The appellant retired from Federal service in 2012. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-I-1, Initial Appeal File (IAF), Tab 4 at 5. In a March 28, 2014 reconsideration decision, OPM granted the appellant's application for immediate CSRS retirement, but excluded several periods from his creditable civilian service computation. *Id.* at 5-7.

¶3 The appellant filed an appeal of OPM's March 28, 2014 reconsideration decision. IAF, Tab 1. The administrative judge issued an initial decision finding that the appellant was entitled to civilian service credit for part of the disallowed period and potentially entitled to civilian service credit for the remainder of that period; therefore, he remanded the case to OPM for consideration of the

outstanding issue regarding the appellant's creditable service and recalculation of the appellant's annuity. IAF, Tab 22, Initial Decision (ID) at 7-9. OPM filed a petition for review of the initial decision. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-I-1, Petition for Review (PFR) File, Tab 1. In a precedential opinion, the Board reversed the initial decision and affirmed OPM's reconsideration decision. *Miller*, 124 M.S.P.R. 62, ¶¶ 1, 20.

¶4  The appellant appealed the Board's decision to the Federal Circuit. *Miller*, 903 F.3d at 1276-77. The Federal Circuit issued a precedential decision, affirming the Board's decision in part, reversing in part, and remanding for further adjudication consistent with its orders therein. *Id.* at 1277, 1286. The court concluded that, for the periods of June 21 to June 30, 1982 (period one), and August 27 to October 25, 1990 (period two), the appellant had performed concurrent military and civilian service and that he was entitled to CSRS credit for his civilian service, even if he also received credit towards his military retirement for his military service performed during those periods. *Id.* at 1282-85. The court further held that, for the final period at issue, August 22, 1994, to December 22, 1995 (period three), the appellant had performed military service with no concurrent civilian service and he was barred, under 5 U.S.C. § 8332(c)(2), from receiving civilian service credit for that military service because he had not made a deposit or waived his military retirement pay for this period. *Miller*, 903 F.3d at 1285-86. The Federal Circuit ordered the Board to remand the appeal to OPM for recalculation of the appellant's CSRS retirement annuity consistent with those findings. *Id.* at 1286.

¶5  After the matter was remanded to the Denver Field Office, the administrative judge issued a close of record order, indicating his intent to remand the matter to OPM, consistent with the Federal Circuit's order, and allowing the parties an opportunity to object to his order. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-M-1, Appeal File

(M-1 AF), Tab 3. Both parties submitted responses. M-1 AF, Tabs 6, 8. In his close of record submission, the appellant agreed that OPM should be ordered to recalculate his annuity based on his creditable civilian services for periods one and two. M-1 AF, Tab 6 at 5-6. He also did not dispute that he was not entitled to have his military service from period three credited towards his CSRS service computation. *Id.* However, he argued that he was entitled to various refunds of "overpayments" OPM collected from him relating to its erroneous disallowance of civilian service credit for periods one and two and to a refund of his "contributions," such as his CSRS retirement, healthcare, and military deposit payments, that he paid to and/or were collected by his former employing agency during period three. *Id.* at 7-9. After considering the parties submissions, the administrative judge issued an initial decision, remanding the matter to OPM for recalculation of the appellant's CSRS retirement annuity. M-1 AF, Tab 9, Initial Decision (M-1 ID) at 1-3.

¶6　　　The appellant has filed a petition for review. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-M-1, Petition for Review File (M-1 PFR File), Tab 1. OPM has filed a pro forma response, to which the appellant has replied. M-1 PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board will consider the appellant's new evidence submitted on review.

¶7　　　On review, the appellant has filed a letter from OPM dated January 3, 2019, in which OPM notified the appellant that, based on his additional service performed for periods one and two, his net CSRS monthly annuity increased to $2,016.[2] M-1 PFR File, Tab 1 at 13. He also submits his response to OPM's

---

[2] The letter from OPM is dated January 3, 2018. M-1 PFR File, Tab 1 at 13. However, OPM appears to have made a typographical error regarding the date because the record reflects that it was issued on January 3, 2019. The letter references the Federal Circuit's decision regarding this matter, *Miller*, 903 F.3d 1274, which was issued on September 10, 2018. M-1 PFR File, Tab 1 at 13. The appellant also notes in his

letter, in which he continues to claim entitlement to a refund of contributions in connection with his civilian employment from period three. *Id.* at 14-17.

¶8        Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has made this showing. OPM did not issue the January 3, 2019 letter until after the initial decision's issuance. M-1 PFR File, Tab 1 at 13; M-1 ID at 1. The appellant responded promptly to OPM's letter in writing and acted with due diligence in submitting this documentation to the Board. M-1 PFR File, Tab 1 at 3-4, 14-17, Tab 2 at 1 n.*. Therefore, we consider this evidence on review.

<u>The Board lacks jurisdiction to consider the appellant's challenges to OPM's January 3, 2019 letter.</u>

¶9        On review, the appellant asserts that OPM has recalculated his annuity to account for his creditable civilian service for periods one and two and "refund[ed] . . . the alleged overpayment," as ordered by the Federal Circuit. M-1 PFR File, Tab 1 at 7. However, he argues that OPM failed to refund his CSRS contributions, insurance payments, and military deposit collected by his former employer during period three.[3] *Id.* at 7-11.

¶10       Generally, the Board has jurisdiction over OPM determinations affecting an appellant's rights and interests under CSRS only after OPM has issued a final decision in the matter. *Reid v. Office of Personnel Management*, 120 M.S.P.R. 83, ¶ 6 (2013); *see* 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 831.110. However, the absence of a reconsideration decision does not preclude Board review of a retirement decision when OPM fails to advise the appellant of his right to request

---

response to OPM that the letter was issued on January 3, 2019. *Id.* at 14. We therefore find that OPM issued the letter on January 3, 2019.

[3] The Federal Circuit found that the appellant did not make a military deposit relating to his military service performed in period three. *Miller*, 903 F.3d at 1285-86.

a reconsideration decision and does not intend to issue any further decision on the appellant's application. *Reid*, 120 M.S.P.R. 83, ¶ 6. In such a case, the Board will consider the totality of the circumstances to find that OPM's failure to act constitutes an appealable administrative action affecting the appellant's rights under Federal retirement laws. *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 15 (2014).

¶11      OPM's January 3, 2019 letter did not address the appellant's refund claims concerning period three, indicate that it was a final decision by OPM on the matter, or apprise the appellant of his right to request reconsideration. M-1 PFR File, Tab 1 at 13. The appellant contended that he has undergone nearly 6 years of litigation to obtain his requested relief from OPM. M-1 AF, Tab 6 at 6-7; *see Okello*, 120 M.S.P.R. 498, ¶¶ 15-16 (finding that OPM's failure to act for 6 years constituted an appealable administrative action because the appellant diligently sought a final decision during that time period). However, as the appellant recognized, the primary issue before OPM was his creditable service computation, which the Federal Circuit resolved in its 2018 decision. M-1 AF, Tab 6 at 9; *see Miller*, 903 F.3d at 1274, 1276-77, 1286. The appellant's credible service computation is distinct from the issue of whether he is entitled to a refund of his CSRS contributions and military deposit. *See Forsythe v. Office of Personnel Management*, 85 M.S.P.R. 593, ¶ 10 (2000) (finding that the question of whether the appellant's CSRS contributions should be retained in the retirement fund or refunded to him was a distinct issue from his entitlement to civilian service credit for his concurrent military and civilian service). The appellant has not presented information indicating that, since the resolution of the creditable service computation issue and OPM had an opportunity to squarely address the appellant's refund claims, OPM has improperly refused or delayed issuing a reconsideration decision addressing his refund request. Under these circumstances, it is more appropriate to allow OPM the opportunity to express its opinion on these issues in the first instance. *See Hasanadka v. Office of*

*Personnel Management*, [116 M.S.P.R. 636](), ¶¶ 20-22 (2011) (finding no undue delay by OPM in not issuing a reconsideration decision on a matter raised by the appellant that was distinct from the issue the Board directed OPM to address on remand). We therefore find that OPM's failure to issue a reconsideration decision does not constitute an appealable administrative action and that the Board lacks jurisdiction over the appellant's refund claims.

## ORDER

¶12 For the reasons discussed above, we remand this case to OPM in accordance with the Federal Circuit's September 10, 2018 order for issuance of a new final decision addressing the recalculation of the appellant's CSRS retirement annuity and for issuance of a final decision addressing the appellant's refund request. OPM shall advise the appellant in any new final decision addressing the above issues of his right to file an appeal with the Board's Denver Field Office if he disagrees with that decision. *See Litzenberger v. Office of Personnel Management*, [88 M.S.P.R. 419](), 424 (2001).

¶13 We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* [5 C.F.R. § 1201.181](b).

¶14 No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the

Board's Order, and should include the dates and results of any communications with OPM.  *See* [5 C.F.R. § 1201.182](a).


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.