**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RICHARD MILLER, | DOCKET NUMBER |
| Appellant, | DE-0831-14-0340-C-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: March 14, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Richard L Miller</u>, Colorado Springs, Colorado, pro se.

<u>Angerlia D. Johnson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**ORDER**

¶1 The appellant has timely petitioned for review of the January 26, 2023 compliance initial decision, which denied his petition for enforcement of the Board's order directing the Office of Personnel Management (OPM) to issue a final decision on his rights and interests under the Civil Service Retirement System (CSRS). For the reasons discussed below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

petition for review, REVERSE the compliance initial decision, FIND OPM in NONCOMPLIANCE, and ORDER OPM to issue a final decision.

## BACKGROUND

¶2    The appellant retired from Federal civilian service in 2012 after a career that included both civilian and military service. *Miller v. Office of Personnel Management*, 124 M.S.P.R. 62, ¶ 2 (2016)*, aff'd in part, rev'd in part, and remanded*, 903 F.3d 1274 (Fed. Cir. 2018). OPM granted his application for immediate CSRS retirement but, in a March 2014 reconsideration decision, determined that certain periods of his employment were not creditable for purposes of calculating his CSRS annuity because they were credited as military service towards his military retirement. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-I-1, Initial Appeal File (IAF), Tab 4 at 5-7. The appellant filed an appeal of the matter with the Board and, thereafter, with the U.S. Court of Appeals for the Federal Circuit. *Miller v. Office of Personnel Management*, 903 F.3d 1274 (Fed. Cir. 2018). The Federal Circuit issued a precedential decision on September 10, 2018, and remanded the appeal to the Board for further proceedings consistent with its decision. *Id.* at 1286. On August 15, 2022, the Board issued an order remanding the case to OPM in accordance with the Federal Circuit's decision for the issuance of a new final decision addressing the recalculation of the appellant's CSRS retirement annuity. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-M-1, Remand Order, ¶ 12 (Aug. 15, 2022) (Remand Order). It also ordered OPM to issue a final decision addressing a new refund request by the appellant in the first instance. *Id.*, ¶¶ 11-12. The Board stated that OPM "shall advise the appellant in any new final decision addressing the above issues of his right to file an appeal with the Board's Denver Field Office if he disagrees with that decision." *Id.*, ¶ 12. Finally, the Board ordered OPM to "tell the appellant

promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order." *Id.*, ¶ 13.

¶3        On October 14, 2022, more than 60 days following the issuance of the Board's Order, the appellant filed a petition for enforcement averring that he had not received written notification from OPM that it had complied with the Board's Order. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-C-1, Compliance File (CF), Tab 1. The administrative judge issued an Order to Show Cause to OPM on December 20, 2022. CF, Tab 9. In response, OPM submitted to the Board a letter, which it identified as an initial decision, dated January 13, 2023. CF, Tab 14 at 4-33. The letter informed the appellant of his right to request reconsideration with OPM. *Id.* at 10. OPM argued before the administrative judge that, by issuing an initial decision, it was in full compliance with the Board's Order because there was no further action for it to take. *Id.* at 4. The appellant modified his arguments concerning OPM's noncompliance by contending that OPM's January 13, 2023 letter was a final decision and challenging the merits of that decision with respect to his refund request. CF, Tab 17 at 4-15.

¶4        On January 26, 2023, the administrative judge issued a compliance initial decision denying the appellant's petition for enforcement. CF, Tab 20, Compliance Initial Decision (CID) at 1. He found that OPM issued an initial decision and not a final decision required by the Board's Order and, therefore, had not fully complied with the Order's directive. CID at 4. Nevertheless, he found that OPM was in substantial compliance with the Order because it had taken a necessary step toward the issuance of a final decision. CID at 4-6.

¶5        The appellant has filed a petition for review. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-C-1, Compliance Petition for Review (CPFR) File, Tab 3. OPM has responded. CPFR File, Tab 5. The appellant has replied to OPM's response. CPFR File, Tab 6.

## ANALYSIS

¶6    The appellant asserts in his petition for review, as he did before the administrative judge, that OPM's January 2023 decision was a final decision. CPFR File, Tab 3 at 5, 19-22; CF, Tab 17.  He argues that the final decision does not comply with the Board's Order because it finds incorrectly that he is not owed a refund for CSRS deposits and other payroll deductions.  CPFR File, Tab 3 at 6, 24-31.[2]

¶7    In proceedings on a petition for enforcement of a Board order, the agency bears the burden of proving that it has complied with the order.  *Gay v. U.S. Postal Service*, 49 M.S.P.R. 219, 230 (1991).  We agree with the administrative judge that OPM has not shown that it has issued a final decision in this matter as ordered by the Board.  CID at 5; Remand Order, ¶ 12.  OPM labeled its January 2023 letter as an initial decision and informed the appellant of his right to request reconsideration from OPM.  CF, Tab 14 at 10.  Thus, as the administrative judge correctly found, OPM's January 2023 letter was an initial decision rather than a final decision.  *See* 5 C.F.R. §§ 831.109(c), (f), .110.

¶8    However, since the issuance of the Board's initial decision in this matter, the 30-day time limit for the appellant to file a request for reconsideration has expired.  *See* 5 C.F.R. § 831.109(e)(2).  OPM has not shown that it has issued a reconsideration decision under section 831.109(f)(1) or, absent a request for reconsideration from the appellant, a final decision under section 831.109(f)(2), which would provide the appellant the opportunity to appeal to the Board. 5 C.F.R. §§ 831.109(f), .110.  The Board's Remand Order required OPM to issue a final decision and advise the appellant of his right to file an appeal with the

---

[2] The appellant also argues—mistakenly—that the administrative judge engaged in ex parte communications with OPM and requests that the ex parte communication be stricken from the record.  CPFR File, Tab 3 at 23-24.  What the appellant identifies as evidence of an ex parte communication is an excerpt from a pleading by OPM that was properly served on the appellant and admitted into the record.  *Id.* at 24; CID at 5; CF, Tab 10 at 4-5.  We find no evidence that any prohibited ex parte communication took place.  *See* 5 C.F.R. § 1201.101.

Board's Denver Field Office if he disagrees with that decision. Remand Order, ¶ 12. We therefore find that OPM is in noncompliance with the Board's Remand Order.

¶9 Accordingly, we order OPM to issue a final decision that addresses the recalculation of the appellant's CSRS retirement annuity and the appellant's refund request. In its final decision, OPM shall address the appellant's challenges to the merits of his refund request as set forth in his pleadings before the Board. OPM shall also provide a clear explanation of its calculations for any amounts previously refunded to the appellant. OPM shall advise the appellant in its new final decision of his right to file an appeal with the Board's Denver Field Office if he disagrees with that decision.

## ORDER

¶10 We ORDER OPM to submit to the Clerk of the Board, within 30 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. OPM must serve all parties with copies of its submission.

¶11 **OPM's submission should be filed under the new docket number assigned to this compliance referral matter, MSPB Docket No. DE-0831-14-0340-X-1.** All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board<br>
U.S. Merit Systems Protection Board<br>
1615 M Street, N.W.<br>
Washington, D.C. 20419

Submissions also may be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

¶12  The appellant may respond to OPM's evidence of compliance within 20 days of the date of service of OPM's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to OPM's evidence of compliance, the Board may assume that he is satisfied with OPM's actions and dismiss the petition for enforcement.

¶13  OPM is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for OPM's noncompliance in this case. 5 C.F.R. § 1201.183. The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶14  This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issue in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.


FOR THE BOARD:   *Gina K. Grippando*

             _____

             Gina K. Grippando
             Clerk of the Board

Washington, D.C.