**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RICHARD LEE MILLER, | DOCKET NUMBERS |
| Appellant, | DE-0831-14-0340-X-1 |
| | DE-0831-14-0340-C-1 |
| v. | |
| OFFICE OF PERSONNEL | |
| MANAGEMENT, | DATE: March 19, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard Lee Miller, Colorado Springs, Colorado, pro se.

Angerlia D. Johnson, Esquire, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

This matter is before the Board pursuant to the Board's March 14, 2024 Order finding the Office of Personnel Management (OPM) in noncompliance with the Board's August 15, 2022 Order remanding the matter to OPM, and granting the appellant's petition for review of the Board's January 26, 2023 compliance initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision on the appellant's petition for enforcement. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-C-1, Order (Mar. 14, 2024); *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-C-1, Compliance File (CF), Tab 20, Compliance Initial Decision (CID). For the reasons discussed below, we now find OPM in compliance and DISMISS the appellant's petition for enforcement and related compliance petition for review.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

Petitioner appealed OPM's Civil Service Retirement System (CSRS) final decision to the MSPB. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-I-1, Initial Appeal File, Tab 1. After OPM filed a petition for review of the initial decision, the Board issued an opinion and order on December 20, 2016. *Miller v. Office of Personnel Management*, 124 M.S.P.R. 62 (2016). The Board found the appellant did not meet his burden of proving he was entitled to the benefits he sought. *Id.*, ¶ 20. It reversed the administrative judge's initial decision and remanded the matter back to OPM. *Id.* The appellant appealed the Board's Opinion and Order to the U.S. Court of Appeals for the Federal Circuit. *Miller v. Office of Personnel Management*, 903 F.3d 1274 (Fed. Cir. 2018).

On September 10, 2018, the Federal Circuit remanded the matter to the Board, directing the Board "to remand the matter to OPM for calculation" based on the court's decision. *Id.* at 1286. On December 21, 2018, the MSPB administrative judge issued an initial decision remanding the appeal to OPM. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-M-1, Remand File, Tab 9, Remand Initial Decision. The appellant petitioned for review of this decision. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-M-1, Petition for Review (M-1 PFR) File, Tab 1. On August 15, 2022, the Board denied his petition for review and remanded the matter to OPM, in accordance with the Federal Circuit's decision. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-M-1, Remand Order, ¶ 12

(Aug. 15, 2022); M-1 PFR File, Tab 7. The Remand Order instructed OPM to issue "a new final decision addressing the recalculation of the appellant's CSRS retirement annuity" and the appellant's refund request, and to notify the appellant when it "fully carried out the Board's Order." *Id.*, ¶ 13.

The appellant filed a petition for enforcement on October 14, 2022, stating that OPM never sent written notification it complied with the Board's Remand Order. CF, Tab 1. On January 26, 2023, the administrative judge issued a compliance initial decision finding that although OPM issued the appellant an initial, not final, decision, OPM was "in substantial compliance" with the Board's Remand Order. CID at 4. The administrative judge found that by issuing the initial decision, OPM took an important step for issuing a final decision. *Id.* The compliance initial decision denied the appellant's petition for enforcement. *Id.* at 6.

On March 6, 2023, the appellant filed a petition for review of the compliance initial decision. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-C-1, Compliance Petition for Review (CPFR) File, Tab 3; *see* 5 C.F.R. § 1201.183(a)(7). In his petition for review, the appellant argued that OPM had not complied with the Board's Remand Order because it incorrectly found he was not due a refund for CSRS deposits and other payroll deductions. CPFR File, Tab 3 at 6, 24-31. On March 14, 2024, the Board issued an order reversing the compliance initial decision and granting the appellant's petition for review. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-C-1, Order, ¶ 1 (Mar. 14, 2024); CPFR File, Tab 7. The Board found OPM had not issued a final decision as previously ordered. *Id.*, ¶ 8. The Board ordered OPM, within 30 days, to issue a final decision that addressed the appellant's refund request and the recalculation of his CSRS retirement annuity, and that informed the appellant of his appeal rights. *Id.*, ¶ 9. The Board also docketed the instant compliance referral case and instructed OPM to submit evidence of compliance under the new docket number. *Id.*, ¶¶ 10-11.

On April 15, 2024, OPM submitted a response to the Board's March 14, 2024 Order. In its response, OPM offered proof of compliance, stating it issued a final decision on May 30, 2023,[2] and sent the decision to the appellant by U.S. Postal Service (USPS) certified mail. *Miller v. Office of Personnel Management*, MSPB Docket No. DE-0831-14-0340-X-1, Compliance Referral File (CRF), Tab 3. The response included a copy of the final decision, the USPS tracking history, a photograph of the USPS certified mail envelope, and a document from the annuity rolls showing the appellant's mailing address. *Id.*

The appellant requested an extension of time to respond to OPM's statement because he was out of state and asserted that he had never received the final decision. CRF, Tab 4. On April 22, 2024, the Clerk of the Board granted the appellant's extension request and instructed the appellant to ask OPM directly for another copy of the order and noted that if he disagreed with OPM's final decision, he "should file a new Board appeal." CRF, Tab 5 at 1.

On May 12, 2024, the appellant filed a substantive response to OPM's assertions of compliance. CRF, Tab 7.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R.

---

[2] Although this issuance predated the Board's March 14, 2024 Order in the appellant's compliance petition for review matter, OPM did not submit it into the record of that case. CPFR File.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

§ 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

OPM provided a narrative response stating it mailed the final decision to the appellant on May 30, 2023, and attached supporting exhibits. CRF, Tab 3 at 6. The exhibits included: (1) the USPS tracking history; (2) a picture of the stamped USPS envelope used to mail the final decision; (3) a document titled, "Refund Archive Data," showing the appellant's mailing address; and (4) a copy of the final decision itself. *Id.* at 6-22

In his May 10, 2024 response, the appellant made several arguments to support his contention that the agency was noncompliant. CRF, Tab 7. As relevant to the instant enforcement proceeding, he maintained that he had not received the final decision and that OPM did not satisfy its burden to show that he had. *Id.* at 4-5. Additionally, he argued that OPM incorrectly calculated his CSRS annuity; provided no evidence to show "beyond a reasonable doubt" that certain contributions were refunded to him; and that OPM erred in determining that he must seek reimbursement for "paid entitlements" from the Defense Intelligence Agency. *Id.* at 10-14. The appellant has failed to rebut the agency's evidence of compliance.

The agency has shown by preponderant evidence that it issued a final decision on May 30, 2023, and mailed that decision to the appellant. CRF, Tab 3 at 4-12. Despite the appellant's arguments concerning receipt of that decision, the agency's exhibits appear to show, and the appellant does not appear to have disputed, that it was mailed to the appellant's address of record. *Id.* The appellant's contentions regarding lack of receipt and OPM's good faith in mailing the decision are beyond the scope of these proceedings. To the extent they are

relevant to any timeliness issues, they may be raised when and if he files a new MSPB appeal of OPM's final decision.[4]

Additionally, the Board ordered OPM to address its CSRS recalculations; address "the appellant's challenges to the merits of his refund request"; explain "its calculations for any amounts previously refunded to the appellant"; and to advise the appellant of his appeal rights. CRF, Tab 1 at 5. OPM's final decision addresses these issues. CRF, Tab 3 at 10. For these reasons, the Board finds that OPM is in compliance with the Board's March 14, 2024 Order.

Likewise, although the appellant's response disputed, among other issues, the accuracy of OPM's calculations, his arguments are beyond the scope of these proceedings. The Board's March 14, 2024 Order instructed OPM to issue a final decision, which it has now done. These proceedings are restricted to compliance with the March 14, 2024 Order. The appellant may file a new MSPB appeal challenging the substance of OPM's calculation, if he wishes to do so.

In light of the foregoing, we find that OPM is in compliance with its outstanding compliance obligations enumerated in the Board's March 14, 2024 Order, and dismiss the appellant's petition for enforcement and the compliance petition for review. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The

---

[4] In that event, the administrative judge addressing any such contentions will not be bound by the brief timeliness discussion in this Order. We do not here make findings beyond those relevant to the enforcement issue.

regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a

court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.